UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 21-3893-MWF (MAAx) | **Date:** August 6, 2021 |
| **Title:** **Jeremy Holland v. Rosa C. Guardado, et al.** | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE

On May 7, 2021, Plaintiff Jeremy Holland commenced this action against Defendant Rosa C. Guardado.  (Complaint (Docket No. 1)).  Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by August 5, 2021.

On July 26, 2021, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than August 5, 2021, why the action should not be dismissed for lack of prosecution.  (Docket No. 12).  The Court indicated that if Plaintiff filed a Proof of Service reflecting that Defendant's time to respond to the Complaint or file an Application for Stay and Early Mediation (an "ADA Application") had already expired, "Plaintiff must **concurrently** file a Default Application with the Proof of Service."  (*Id.* at 2, emphasis in original).

On August 5, 2021, Plaintiff filed a Proof of Service in response to the OSC (the "POS").  (Docket No. 13).  The POS is deficient in that it does not include that Plaintiff served the required Notice to Parties Re ADA Disability Access Litigation/Application for Stay and Early Mediation.  In responding to the OSC, Plaintiff failed to concurrently file a Default Application.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-3893-MWF (MAAx) | Date:  August 6, 2021 |
| Title: **Jeremy Holland v. Rosa C. Guardado, et al.** | |

undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted.  Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.